[687 NYS2d 635]

In the Matter of EDWARD J. PORCELLI (Admitted as EDWARD JOHN PORCELLI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 15, 1999

## APPEARANCES OF COUNSEL

*Eileen J. Shields* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Edward J. Porcelli was admitted to the practice

of law in the State of New York by the First Judicial Department on February 11, 1974, as Edward John Porcelli, and at all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. On February 10, 1999, the then Acting Presiding Justice of this Court granted the Committee's application for an order permitting notice by publication of this motion for an interim suspension (*see,* Judiciary Law § 90 [6]; 22 NYCRR 601.1).

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (iii), immediately suspending respondent from the practice of law until further order of this Court, based upon uncontested evidence of professional misconduct. The Committee has not been able to locate respondent, and he has not appeared in this proceeding.

The Committee has received complaints against respondent from five different complainants, four of whom allege that respondent, in connection with his representation of them in the sale of their property, converted client funds constituting down payments from the purchasers which respondent was to hold in his escrow account until the closing.* The checks were for $5,700, $8,950, $22,350 and $2,000, respectively. In two cases, respondent failed to appear at the closing, in a third case, he appeared but failed to transfer the funds to his client at the closing or thereafter, and in a fourth case, where the closing did not take place and the down payment was to be refunded, respondent failed to return the funds or to respond to letters requesting the return of the down payment.

In addition, a review of the bank statements from respondent's escrow account reveals that from May 1997 through April 1998, respondent made regular cash withdrawals averaging close to $2,000 per month, in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46), which explicitly prohibits cash withdrawals. The bank statements from respondent's escrow account also show negative balances starting in May 1998 and continuing through September 1998 and that, during that period, three checks were returned for insufficient funds.

Section 603.4 (e) (1) of this Court's Rules provides, in pertinent part, that "[a]n attorney who is the subject of an investigation * * * may be suspended from the practice of law, pending consideration of the charges against the attorney,

---

* The fifth complaint alleged that respondent neglected a legal matter.

upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon \* \* \* (iii) other uncontested evidence of professional misconduct."

The Committee has presented uncontested evidence that respondent has misappropriated client funds in violation of DR 9-102 (C) (4) and DR 1-102 (A) (4) (22 NYCRR 1200.3). Three of respondent's clients and a fourth complainant, the prospective purchaser of a cooperative apartment, have submitted affidavits stating that respondent absconded with funds representing down payments for the purchase of property that were to remain in respondent's escrow account until the closings. In addition, bank records and cancelled checks demonstrate that respondent did not maintain the funds intact and that he used his escrow account in violation of DR 9-102 (E).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (iii) should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.

SULLIVAN, J. P., ROSENBERGER, RUBIN, SAXE and BUCKLEY, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, and until the further order of this Court.